HAMITER, Justice
 

 (dissenting).
 

 As is correctly stated in the majority opinion, this case was ordered here for review because we felt that the doctrine of the last clear chance might be applicable.
 

 In the written opinion rendered by the Court of Appeal reference was made to the testimony of Francis D. Evans, the truck driver, to the effect that when he reached a point about one hundred yards from the entrance of the Hebert Road he slowed down the speed of the truck as it was his intention to make a left hand turn into the Hebert Road; that, as he slowed down, he put out his hand to indicate that he was going to turn; that as he did so he noticed, through his rear view mirror, plaintiff’s car approaching from the rear at a high rate of speed; that when he saw plaintiff’s car it was about one hundred yards from the rear of the truck; that he continued to observe it and, upon becoming aware of the fact that plaintiff was not re
 
 *421
 
 tarding the high speed of his automobile, he waved his hand up and down in the hope that he might attract plaintiff’s attention to the fact that the truck was going to make a left hand turn into the Hebert Road.
 

 Later in that written opinion, after finding and holding that plaintiff was driving at a high rate of speed, the Court of Appeal offered the comment, which was primarily responsible for our granting the writ of certiorari, that: “Consequently,
 
 it is unimportant to determine whether Evans made an abrupt turn into Hebert Road without warning or not
 
 — for,
 
 assuming that he did and that he was therefore negligent, plaintiff was far enough to his rear to have avoided a mishap if he had been travelling at a reasonable rate of speed. Contributory negligence bars recovery.”
 
 (Italics ours.)
 

 It is exceedingly important, as I view this case, to determine whether Evans, the truck driver, made an abrupt turn toward the Hebert Road. If he attempted that turn after having previously discovered that plaintiff was approaching at a fast and negligent rate of speed (this discovery was admitted by the truck driver), defendants are liable under the last clear chance doctrine. On making such discovery it was the truck driver’s duty to remain on the right side of the highway and to refrain from projecting his vehicle into the- path of the approaching and speeding car. A failure to discharge that duty constitutes negligence and is held to be the proximate and immediate cause of the accident. This view is supported by the well recognized doctrine announced in Rottman v. Beverly et al., 183 La. 947, 165 So. 153, 156, and followed in many other cases ifi the jurisprudence of this state, which is:
 

 “Where the danger is brought about by plaintiff’s own negligence, but is not discovered by defendant, because of a failure to exercise due care, the parties are on equal footing. Their faults are mutual, their negligence is concurrent. It arises from the same cause, viz., failure to observe. The negligence of each party is a contributing cause of the accident. In such case it cannot be determined whether the negligence of the plaintiff or that of the defendant was the proximate and immediate cause of the injury, and neither party can recover.
 

 “But if a plaintiff negligently puts himself in .a place of danger and his negligence and danger are actually discovered by the defendant, then there devolves upon the defendant a duty which intervenes or arises subsequent to the negligent acts of the plaintiff, and that duty is to'save the plaintiff from the consequences of his negligent acts if he can. The first duty of those who operate engines or motor vehicles 'is tO' keep a sharp lookout ahead to discover the presence of those who might be in danger. If they perform that duty and discover that some one is in danger, then a second duty arises, and that is to use every possible available means to avert injury. If the defendant fails to perform that duty, his negligence in that respect is regarded as the proximate and immediate cause of the injury and the negligence of the plaintiff in putting himself in a place of danger, the remote cause. In such cases the last clear
 
 *423
 
 chance doctrine applies even though plaintiff’s negligence continues up to the accident.”
 

 My appreciation of the evidence adduced in the instant case is that it preponderates in favor of the fact that the truck driver did suddenly and abruptly steer his truck from the right side of the highway toward the Hebert Road and across the path of the car approaching from the rear and seeking to pass. Both plaintiff and Dr. J. Earl Clayton (a disinterested witness) testified positively and emphatically to this fact. The lone witness testifying that no turn was attempted was the truck driver; he, however, is not supported in this by the allegations of defendants’ answer in which it is said:
 

 “ * * . * That plaintiff disregarded the signal of the defendant’s driver, and without blowing a horn to signal his approach, tried to pass the truck. The driver on seeing the car of plaintiff attempting to pass him, stopped his truck
 
 after slightly pulling io the left.
 
 * * (Italics ours.)
 

 Even if it be conceded, therefore, that plaintiff was grossly negligent by reason •of the speed that he was traveling, his negligence was only the remote cause of the accident. The proximate and immediate cause was the negligence of the truck driver, who had discovered the perilous situation, in failing to take advantage of the opportunity. — -the last clear chance — of avoiding the accident, as he could have done.
 

 Defendants, in my opinion, are liable in damages to this plaintiff; hence, I respectfully dissent.